## THE ALVEGA.[1]

### WEISENBERG and others *v.* THE ALVEGA.

*(District Court, E. D. Pennsylvania. March 1, 1887.)*

SHIPPING—REPAIRS—PREFERRED SHIPWRIGHT—FRAUD.

Money paid by a shipwright to the master of a ship undergoing repairs, for services connected with the contract for making such repairs, will be deducted from the shipwright's claim, although all the repairs made were necessary, and the charges therefor reasonable.

In Admiralty. Rule to show cause why decree should not be set aside.

*Chas. Gibbons, Jr.,* and *Edmunds & Driver,* for libelants.

*John Q. Lane,* for respondents.

BUTLER, J. A decree was regularly entered in this case, founded on the admissions contained in the answer. The answer was by the master, who was also a part owner. Subsequently, other part owners, having the principal interests, applied to have the decree opened, alleging in substance, that it was obtained through collusion between the libelant and the master. A rule to show cause was granted; and this rule, with the testimony taken under it, is now up for consideration. Nothing else is involved. The question of jurisdiction, sought to be raised, comes too late; and nothing else need be said about it. A careful examination of the testimony has failed to satisfy me that any collusion existed. The repairs were necessary, and properly made. There was no motive for the fraud charged. If the master received a consideration for giving the work to one shipwright rather than another, he did wrong, and may be compelled to account for what he thus received. It does not appear that the charge for repairs was unreasonable, or that any injustice was done the ship by awarding the work to those who performed it. The decree must therefore stand.

The libelant has, however, charged the vessel with $300.99 more than he actually advanced for repairs. It is true he handed this sum over; but it was immediately returned, pursuant to previous understanding. It was an abatement made by the shipwright in his favor, as an additional compensation for his services. The vessel should, however, have been given the benefit of it. The libelant occupied the position of its fiscal agent, for the time, and is entitled to be repaid only what he advanced and disbursed, with the customary interest. To allow one occupying his position to enter into such arrangements for his own benefit would be wrong in principle and dangerous in practice. The decree must be reduced to this extent, leaving it stand for $7,170.01.

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.